BRENDA H. ENTZMINGER
Nevada Bar No. 9800
DANIELA LABOUNTY
Nevada Bar No. 13169
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SARVI ESQUIVEL,<br><br>                    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., an Delaware Corporation doing business in Nevada as WAL-MART STORES, INC., DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive,<br>                    Defendants. | Case No.: 2:13-cv-01968-GMN-CWH<br><br>**ORDER GRANTING**<br>**DEFENDANT WAL-MART STORES,**<br>**INC.'S MOTION FOR SANCTIONS PER**<br>**FRCP 37(b)(2)(B)** |

**I.   SUMMARY**

Before the Court is Defendant Wal-Mart Stores, Inc.'s ("Defendant" and/or "Walmart") Motion for Sanctions filed August 19, 2014. *See* Motion for Sanctions, *Docket Filing No. 24*. The Court, having considered the Motion, Plaintiff's Response (*Docket Filing No. 25*), and Walmart's Reply (*Docket Filing No. 26*), and the arguments of counsel at the Hearing held on October 2, 2014, issues it Order below consistent with the rulings made on the record. *See* Minutes of Proceedings, *Docket Filing No. 29*, dated October 3, 2014; *see also* Transcript of Proceedings, *Docket Filing No. 30*.

//

//

## II. BACKGROUND

This case is an action for personal injuries suffered as the result of an alleged falling merchandise incident at Walmart Store No. 1584 on September 30, 2011. Plaintiff's Complaint alleges that Walmart failed to maintain its premises, and the merchandise contained therein, in a reasonably safe condition for use by customers resulting in the subject incident. *See* Plaintiff's Complaint, *Docket Filing No. 1*, Exhibit B thereto.

On March 28, 2014, the parties stipulated, and the Court ordered, that Plaintiff would submit to an FRCP 35 Independent Medical Examination ("IME") by Walmart's expert neuropsychologist Dr. David O'Grady ("Dr. O'Grady") in California on May 12, 2014. *See* Order*, Docket Filing No. 20*; *see also* Transcript of Proceedings*, Docket Filing No. 30* at 3:19-21. The Court entered the Order after finding good cause existed for the IME, as Plaintiff had claimed traumatic brain injury and cognitive impairments as a result of the incident. *Id*. Plaintiff traveled to the airport on the date scheduled for her travel to California, but failed to make the flight. *See* Transcript of Proceedings at 3:22-23. Subsequently, Plaintiff's counsel notified Defendant that Plaintiff was unable to attend the scheduled IME because she had become confused. *Id.* at 3:24-4:2. Plaintiff's counsel requested that Defendant make arrangements for Plaintiff's travel, and that the arrangements require that she have an escort accompany her. *Id.* at 4:2-4; *see also* Motion for Sanctions, *Docket Filing No. 24*, Exhibit A thereto. Defense counsel agreed that same day to make the requested arrangements; however, Defendant was unable to finalize the arrangements because Plaintiff did not provide the identity of her travel escort. *Id.* at 4:5-8, 9-14.

On May 27, 2014, the parties entered into a stipulation to extend discovery so as to allow the IME to be conducted in California on July 21, 2014, the soonest date Defendant's expert was available. *Id.* at 4:15-19. The Court granted the parties' stipulation and ordered Plaintiff's attendance at the July 21, 2014 IME, which again, was to take place at Dr. O'Grady's office in Walnut Creek,

CA. *See* Order, *Docket Filing No. 21*. On July 10, 2014, Plaintiff's counsel advised Defendant that Plaintiff would not travel for the IME that was scheduled to take place on July 21, 2014, but failed to provide for, or offer, any alternative arrangements to facilitate the IME. *Id.* at 4:24-5:3; *see also* Motion for Sanctions, Exhibit A at 79-81.

Defendant argues that Plaintiff's conduct has prejudiced its ability to properly assess and adequately defend against Plaintiff's claims of traumatic brain injury and cognitive impairment because Plaintiff has thwarted its efforts to secure expert review of her allegations. Thus, Defendant contends that as a result of Plaintiff's failure to attend the scheduled IME it has been unable to prepare its expert on the neuropsychological and cognitive defect aspects of Plaintiff's claims. *Id.* at 5:22-6:2. Moreover, Defendant has incurred expenses to retain the expert services of Dr. O'Grady for Plaintiff's IME, and argues that Plaintiff is responsible for those costs as a result of her violation of this Court's Orders. *Id.* at 6:3-8; *see also* Order, *Docket Filing No. 20*. The costs incurred by Defendant total $12,212.00. *Id.*

In response to Defendant's Motion for Sanctions, Plaintiff argues that she was unable to fly on May 12, 2014 because of a head episode and cited a letter from her treating physician, Dr. Loong, in support of her contention. *Id.* at 5:4-8; *see also* Plaintiff's Response, *Docket Filing No.* 25, Exhibit 4 thereto. However, the Court finds Dr. Loong's letter unconvincing as to Plaintiff's ability to travel, as there was no indication of her inability to do so, so long as appropriate arrangements were made. *See* Transcript of Proceedings, *Docket Filing No. 30* at 5:13-16.

### III. DISCUSSION

#### A. Legal Standard

Pursuant to FRCP 37(b)(2)(A), the Court may impose sanctions for a party's failure to comply with a Court Order. *See* Fed. R. Civ. P. 37(b)(2)(A). Additionally, FRCP 37(b)(2)(B) instructs that if a party fails to comply with a Court Order under FRCP 35, the Court may issue any of the sanctions authorized by FRCP(b)(2)(A). *See* Fed. R. Civ. P. 37(b)(2)(B). Therefore, the Court may impose

sanctions upon a party in violation of a Court Order, including "dismissal" sanctions, striking the pleadings or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii), (iii), (v).

The only way for Plaintiff to get around the imposition of sanctions is to demonstrate that she was "substantially justified" in violating the Court's Orders. In this Circuit, substantial justification or harmlessness is governed by four factors: (1) prejudice or surprise; (2) the ability to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness. *Manneh v. Inverness Medical Innovations, Inc.*, 2010 WL 3212129 at *2 (S.D. Ca. Aug. 12, 2010). "[A] failure to comply that is simply negligent is covered by Rule 37(b)." *Rio Properties, Inc. v. Stewart Annoyances, Ltd.*, 2005 WL 3846234, *7 (D. Nev. Oct. 7, 2005) (emphasis added).

**B. Analysis**

Twice, Plaintiff violated this Court's Orders requiring her to submit to an FRCP 35 IME with Defendant's retained expert, neuropsychologist Dr. O'Grady. *See* Transcript of Proceedings, *Docket Filing No. 30* at 64:11-14. FRCP 37(b)(2)(B) is specific as to FRCP 35 examinations and allows a variety of sanctions, unless Plaintiff can demonstrate an inability to appear for the examination. *Id.* at 64:14-17; s*ee also* Fed. R. Civ. P. 37(b)(2)(B).

Here, Plaintiff agreed to participate in an IME scheduled to take place in California. After the first scheduled IME failed, a second IME was arranged and agreed to. *Id.* at 64:23-65:7. Plaintiff agreed to the travel associated with the scheduled IME, but thereafter, she failed to make the necessary arrangements to procure her own appearance at the IME, despite her apparent knowledge that traveling could be problematic. *Id.* at 65: 12-25. In fact, based upon the record established from correspondence exchanged by counsel, Plaintiff made no effort to ensure that the second Court-ordered IME went forward. *Id.* at 66:1-5. The Court finds Plaintiff's failure to attend, or make arrangements to attend the second IME was a matter solely within Plaintiff's control, and the Court finds Plaintiff made no efforts to work out any solution. *Id.*at 66:8-11. As such, the Court finds no

good faith reason for Plaintiff's failure to attend the second IME, and in fact, Plaintiff's failure to make any arrangements at all, despite the existence of an Order to do so, was not substantially justified and constitutes bad faith and a willful violation of this Court's Orders. *Id.* at 66:12-23.

Plaintiff's conduct has rendered Defendant unable to conduct an IME or pursue expert discovery on Plaintiff's alleged traumatic brain injury, cognitive impairment, and related neuropsychological claims. *Id.* at 66:24-67:2. Therefore, Defendant has clearly been prejudiced in defending this claim as a result of Plaintiff's conduct preventing Defendant from investigating it. *Id.* at 2-5. The Court declines to cure the prejudice caused by Plaintiff's conduct by simply modifying the Scheduling Order. *Id.* at 6-9. Rather, because Plaintiff failed to provide evidence of good faith efforts to attend the IME, exclusion sanctions are appropriate pursuant to FRCP 37(b).

## IV. CONCLUSION

Based upon Plaintiff's conduct, it is appropriate under the sanctions provisions of FRCP 37(b) that the Court exclude Plaintiff's claims for damages arising out of her allegations of neuropsychological injury, traumatic brain injury, cognitive impairment, or related brain/hard injury claims at trial, and prohibit Plaintiff from offering evidence, whether at hearing or at trial, in support of her claims of neuropsychological injury, traumatic brain injury, cognitive impairment, or related brain/head injury claims.

Additionally, this Court finds that it was Plaintiff's counsel who failed to undertake good faith efforts at making alternate arrangements to facilitate the second IME. *See* Transcript of Proceedings, *Docket Filing No. 30* at 68:8-23. As such, Plaintiff's counsel, not Plaintiff, will be responsible for reimbursing Defendant $12,212.00, the costs incurred in scheduling the failed IMEs, to be paid at the end of this case. *Id.*

//

//

**IT IS SO ORDERED:**

1. Walmart's Motion for Sanctions is **GRANTED** to the extent that Plaintiff's claims for damages arising out of her allegations of neuropsychological injury(s), neuropsychological impairment(s), cognitive impairment(s), traumatic brain injury(s), brain/head injury, or brain injury related complaints shall be excluded from trial, and Plaintiff shall not be permitted to use as evidence at trial, at any hearing, or in any motion, any record, opinion, or report in support of Plaintiff's allegations of neuropsychological injury(s), neuropsychological impairment(s), cognitive impairment(s), traumatic brain injury(s), brain/head injury, or brain injury related complaints.

2. Walmart's Motion for Sanctions is **GRANTED** to the extent that Plaintiff's counsel must reimburse Defendant in the amount of $12,212.00, the cost associated with scheduling the failed IMEs, to be paid at the end of this case, if the case settles or goes to judgment, or to be determined as costs assessed by the clerk.

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** October 30, 2014

This Order is approved in form only by the undersigned attorney of record.
DATED this 29th day of October, 2014.

**THE LAW OFFICE OF DAVID F. SAMPSON**

*/s/ David F. Sampson*
DAVID F. SAMPSON
Nevada Bar No. 6811
200 East Charleston Blvd.
Las Vegas, Nevada 89104

*Attorneys for Plaintiff*

Respectfully submitted by:
**PHILLIPS, SPALLAS & ANGSTADT LLC**
*/s/ Daniela LaBounty*
_____
DANIELA LABOUNTY
Nevada Bar No. 13169
504 South Ninth Street
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*