**PETER S. CHRISTIANSEN, ESQ.**
Nevada Bar No. 5254
pete@christiansenlaw.com
**R. TODD TERRY, ESQ.**
Nevada Bar No. 6519
tterry@christiansenlaw.com
**CHRISTIANSEN LAW OFFICES**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Telephone:      (702) 240-7979
Facsimile:      (866) 412-6992
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

SARVI ESQUIVEL, by and through her
guardian ad litem, MARJORIE A.
GUYMON, ESQ.

                    Plaintiff,

vs.

WAL-MART STORES, INC., an Delaware
Corporation doing business in Nevada as
WAL-MART STORES, INC., DOES I
through X, inclusive; and ROE BUSINESS
ENTITIES I through X, inclusive,

                    Defendants.

Case No.: 2-13-cv-01968-GMN-CWH

**EX PARTE MOTION FOR COURT**
**APPROVAL**
**OF SETTLEMENT**

    Plaintiff, SARVI ESQUIVEL, by and through her attorneys of record, PETER S.

CHRISTIANSEN, ESQ. and R. TODD TERRY, ESQ. of CHRISTIANSEN LAW OFFICES,

hereby brings this *Ex Parte Motion For Court Approval of Settlement.*  This Motion is made and

based upon all of the pleadings and papers on file in this action, as well as the attached

Declaration, Memorandum of Points and Authorities and proposed motion.

    Dated this 19th day of January, 2016.

                                   **CHRISTIANSEN LAW OFFICES**


                                   _____
                                   PETER S. CHRISTIANSEN, ESQ.
                                   Nevada Bar No. 5254
                                   R. TODD TERRY, ESQ.
                                   Nevada Bar No. 6519
                                   *Attorneys for Plaintiff*

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### INTRODUCTION

4   Plaintiff, Marjorie Guymon, Esq., as guardian ad litem of Sarvi Esquivel, brings the

5   instant motion for court approval of settlement in this matter.

6

### II.

7

### BACKGROUND

8   This case is an action for personal injuries wherein a bicycle fell from a rack at a Wal-

9   Mart Store onto Ms. Esquivel's head, thereby causing substantial injuries, including traumatic

10   brain injury.  Ms. Esquivel initially retained The Firm to prosecute her case.  The Firm later

11   associated David Sampson, Esq., to help prosecute the claims.  (The Firm and Mr. Sampson

12   with be referenced as "prior counsel" hereinafter)  While Ms. Esquivel was represented by prior

13   counsel, some of her claims and damages were dismissed and important deadlines were missed.

14   On October 2, 2014, Magistrate Hoffman dismissed Ms. Esquivel's claims for

15   neuropsychological injuries because prior counsel failed to arrange for her appearance at a

16   Court ordered IME in California. Prior counsel also failed to seek reconsideration, appeal or

17   object to Magistrate Hoffman's Order within the applicable time frame. Additionally, certain

18   expert witness disclosures were either inadequate or the deadlines were missed. Prior counsel

19   retained the services of economist expert, Stan Smith, to offer opinions concerning his

20   calculations of the present value of Plaintiff's future medical treatment.  However, prior counsel

21   appeared to have never disclosed Mr. Smith as an expert witness, and the report he is believed

22   to have prepared was dated after expert disclosure deadlines had already passed.  Finally, prior

23   counsel never itemized and disclosed Plaintiff's injuries and damages as required under the

24   Federal Rules of Civil Procedure and as such, the extent of Plaintiff's medical treatment and

25   cost thereof would not likely be admitted at trial.  Prior counsel failed to disclosure any future

26   treatment beyond head injury treatment, including a future neck surgery.

27   On March 19, 2015, an Order was entered permitting the undersigned to substitute in as

28   counsel for Ms. Esquivel.  Since that time, the undersigned, on behalf of Ms. Esquivel, filed

2

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

1    numerous briefings before this Court concerning this litigation in an attempt to undue the harm

2    to Ms. Esquivel's case caused by her prior counsel's actions/inactions.   Additionally, Ms.

3    Esquivel, Ms. Guymon (Plaintiff's Guardian Ad Litem), and the undersigned contacted legal

4    malpractice counsel to evaluate the possibility of obtaining relief for Ms. Esquivel through a

5    malpractice claim against her former counsel.

6         The undersigned also became aware of Ms. Esquivel's lack of capacity to understand the

7    risks associated with the prosecution of her claims, and on June 16, 2015, this Honorable Court

8    stayed further proceedings to allow the appointment of a guardian ad litem over the Ms.

9    Esquivel.   On August 28, 2015, this Court entered an Order appointing Marjorie A. Guymon,

10   Esq. as the guardian ad litem for Sarvi Esquivel solely for the purposes of this litigation.   Since

11   that time, Ms. Guymon has evaluated the current position of the litigation, including the

12   settlement offer extended by Defendant.   Ms. Guymon has concluded that it is in the best

13   interest of the ward to accept Defendant's settlement offer.

## III.

## LEGAL ARGUMENT

16        A guardian ad litem in a federal lawsuit is responsible in protecting the interests of the

17   incompetent ward.  *Adamson v. Hayes*, 2010 WL 5069885, at *5-6 (D. Ariz. Dec. 7, 2010)

18   (citing *Richards v. Duke University*, 166 Fed. Appx. 595, 599 (3d Cir. 2006)). "A guardian ad

19   litem is not appointed to serve as counsel but to 'act for the [ward] in the cause, with authority

20   to engage counsel, file suit, and to prosecute, control, and direct the litigation." *Id.* (citing N*oe*

21   *v. True*, 507 F.2d 9, 12 (6th Cir. 1974); *Fong Sik Leung v. Dulles*, 226 F.2d 74, 82 (9th Cir.

22   1955)).   The guardian ad litem is authorized to make any appropriate decision on behalf of the

23   ward during the course of a specific litigation.  *Id.* (citing *Thomas v. Humfield*, 916 F.2d 1032,

24   1034 (5th Cir. 1990)); *see also Fong Sik Leung v. Dulles*, 226 F.2d 74, 82 (9th Cir. 1955).

25        "A guardian ad litem is authorized to act on behalf of his ward and may make all

26   appropriate decisions in the course of specific litigation.   For example, notwithstanding the

27   incompetency of a party, the guardian may . . . settle the claim on behalf of his ward." *United*

28   *States v. 30.64 Acres of Land, More or Less, Situated in Klickitat City., State of Wash.*, 795 F.2d

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

1    796, 805 (9th Cir. 1986).  "A guardian ad litem is appointed as a representative of the court to

2    act for the [ward] in the cause, with authority to engage counsel, file suit and to prosecute,

3    control and direct the litigation." *Fong Sik Leung, supra*. Appointing a guardian ad litem

4    "deprives the litigant of the right to control the litigation. *Adamson v. Hayes*, 2010 WL

5    5069885, at *5-6 (D. Ariz. Dec. 7, 2010) (quoting *Thomas v. Humfield*, 916 F.2d 1032, 1034

6    (5th Cir. 1990)).

7         When a guardian ad litem accepts a settlement offer and submits it for court approval,

8    the court must then determine if the settlement serves the best interest of the ward.  *Dacanay v.*

9    *Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978).  "It is the court's order approving the settlement

10   that vests the guardian ad litem with the legal power to enforce the agreement."  *Id*. at 1079.

11        Here, Ms. Esquivel no longer has the "right to control the litigation" because this Court

12   appointed Ms. Guymon as her guardian ad litem.  Rather, it is Ms. Guymon who has the power

13   to control the litigation.  Part of this power includes accepting a settlement offer if she believes

14   it is in the best interest of the ward.  Defendant has extended an offer to settle this matter in the

15   amount of $125,000.  Ms. Esquivel has medical liens exceeds the amount of $200,000, as well

16   as an attorneys' lien from her prior counsel in the amount of  $40,000.  The medical liens

17   include treatment and claims that has already been excluded by this Court.

18        Ms. Guymon, evaluating all of the case strengths and weaknesses, including whether to

19   proceed to trial or accept settlement, believes that accepting Defendant's current settlement

20   offer is in the best interest of Ms. Esquivel.[1]  This conclusion is based on the evidence that

21   Plaintiff would be able to admit, i.e., treatment for neck injuries (but not future treatment

22   because it was never disclosed and the exclusion of head/brain injuries). The decision is also

23   based on the amount of discovery that has been done concerning liability.  Depositions were not

24   taken and evidence was not obtained to support Plaintiff's claims for negligence.   In short, the

25   Guardian Ad Litem believes that a jury verdict in an amount less than $125,000 is likely

26   because of the evidence that was not disclosed or properly disclosed.  Therefore, the Guardian

27

28   [1] *See* Declaration of Ms. Guymon attached hereto as Exhibit 1, regarding settlement and her beliefs as to why
     settlement is in the best interests of Ms. Esquivel.

1  Ad Litem requests that the Court enter an order determining that acceptance of the settlement

2  offer is in the best interest of Ms. Esquivel.

3                                                       **IV.**

4                                                **CONCLUSION**

5        Based on the foregoing facts, law, and analysis, Plaintiff respectfully requests that this

6  Court approve the settlement.

7        Dated this 19th day of January, 2016.

8                                                    **CHRISTIANSEN LAW OFFICES**

9

10                                                   PETER S. CHRISTIANSEN, ESQ.
                                                     Nevada Bar No. 5254
11                                                   R. TODD TERRY, ESQ.
                                                     Nevada Bar No. 6519
12                                                   *Attorneys for Plaintiffs*

13

14

15

16       **IT IS SO ORDERED.**
         **DATED** this 10 day of February, 2016.
17

18

19       **Gloria M. Navarro, Chief Judge**
         **United States District Court**
20

21

22

23

24

25

26

27

28

**CHRISTIANSEN LAW OFFICES**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

5

# EXHIBIT 1

CODE: AFFT
**PETER S. CHRISTIANSEN, ESQ.**
Nevada Bar No. 5254
pete@christiansenlaw.com
**R. TODD TERRY, ESQ.**
Nevada Bar No. 6519
tterry@christiansenlaw.com
**CHRISTIANSEN LAW OFFICES**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Telephone: (702) 240-7979
Facsimile: (866) 412-6992
*Attorneys for Plaintiff*

# DISTRICT COURT

## FAMILY DIVISION

## CLARK COUNTY, NEVADA

| | |
|---|---|
| SARVI ESQUIVEL, by and through her guardian ad litem, MARJORIE A. GUYMON, ESQ. <br> Plaintiff, <br> vs. <br><br> WAL-MART STORES, INC., a Delaware Corporation doing business in Nevada as WAL-MART STORES, INC., DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive, <br><br> Defendants. | Case No.: 2-13-cv-01968-GMN-CWH |

## <u>AFFIDAVIT OF MARJORIE A. GUYMON, ESQ.</u>

STATE OF NEVADA   )
                  )
COUNTY OF CLARK   )

COMES NOW, MARJORIE A. GUYMON, ESQ. of GOLDSMITH & GUYMON, P.C., having been duly sworn upon her oath and under penalty of perjury states as follows:

1.     I am the guardian ad litem for the above named Plaintiff. I am a licensed attorney in Nevada and Utah admitted to practice before this Court.

1

2.   I am competent in every respect to testify to the facts alleged herein upon my personal knowledge, except as to those asserted upon information and belief and as to those I believe them to be true.

3.   On June 16, 2015, I was appointed as Guardian Ad Litem for Sarvi Esquivel solely for the purposes of this litigation.

4.   I have reviewed the status of this litigation with counsel of record and also with independent counsel. I was apprised of possible malpractice on the part of prior counsel in this case. I also discussed with independent counsel the possibility of obtaining relief for Sarvi through a malpractice claim against her prior counsel.

5.   I have evaluated the current position of the litigation, including the settlement offer extended by the Defendant.

6.   I have evaluated the case strengths and weaknesses, including whether to proceed to trial or accept settlement.

7.   I have concluded that it is in the best interest of Sarvi to accept the Defendant's current settlement offer. I have discussed the same with Sarvi; however, I believe she lacks capacity to understand the risks associated with prosecuting her claims.

8.   My conclusion to accept the settlement is based upon my understanding that Sarvi would be able to submit evidence for the necessary treatment for her neck injuries; however, she would be unable to submit evidence regarding her brain injuries, proposed spinal surgery and future medical expenses due to the failure to comply with discovery and disclosure requirements by this court. Also, I understand that Sarvi has been precluded by the court from presenting any expert testimony on her injuries. Upon information and belief the alleged bicycle that fell on Sarvi's head causing her physical harm was not preserved, and there may be conflicting testimony as to what actually fell on her.

9.   My decision is also based on the amount of discovery that has been done concerning liability. Upon information and belief no depositions were taken and no evidence was obtained to support Sarvi's claims of negligence.

2

10.     I believe that a jury verdict in an amount less than $125,000.00 is likely because of the above alleged facts.

Further this affiant sayeth naught.

_____
Marjorie A. Guymon, Esq.

SUBSCRIBED AND SWORN to before me
this 11th day of January, 2016

_____

SELENA VEDRO
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 01-07-18
Certificate No: 10-1243-1

Notary Public in and for said
County and State

SUBMITTED BY:

**CHRISTIANSEN LAW OFFICES**

_____
Peter S. Christiansen, Esq.
Nevada Bar No. 5254
Email: pete@christiansenlaw.com
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Attorneys for Plaintiff

W:\MAG\Client Matters\Guardianship\Christiansen - Esquivel 1544-4\1544-4.affidavit.MAG.wpd

3